UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Kenneth Oneal Hunter**, | ) C/A No. 8:05-2883-MBS-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Officer Barr of the Spartanburg County Detention Facility, | ) |
| Defendant. | ) |

This is a civil rights action filed *pro se* by a person detained at a local detention facility.[1] Plaintiff is currently incarcerated at the Spartanburg County Detention Center. In the Complaint filed in this case, Plaintiff seeks damages for "medical malpractice, pain and suffering" from an employee of the detention center who allegedly gave Plaintiff one dose of an undisclosed type of medication that was intended for another detainee. Plaintiff claims that he experienced "side effects" from the incorrect medication for "12 hours," apparently until it wore off. He claims that he was seen by a nurse about "24 hours" after he took the medicine and it was discovered that his blood pressure was elevated, but that he was not given any type of medication to control his blood pressure. He does not claim that he is experiencing recurrent untreated blood pressure or that he was permanently injured as a result of this apparent medication mix-up.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996,

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction. *See* 28 U.S.C. § 1332. The claims that Plaintiff attempts to state against Defendant are state law negligence claims, not federal causes of action. Negligence and legal malpractice are causes of action under South Carolina law. *See*, *e.g.*, Mitchell v. Holler, 311 S.C. 406, 429 S.E.2d 793 (1993); Yarborough v. Rogers, 306 S.C. 260, 411 S.E.2d 424 (1991). Federal actions for damages against state actors (such

as corrections officers) pursuant to 28 U.S.C. § 1983[2] do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See* DeShaney v. Winnebage County Dep't of Social Servs., 489 U.S. 189, 200-03 (1989). It is settled that where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See* King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); Slaughter v. Anderson, 673 F. Supp. 929, 930 (N.D. Ill. 1987). Although this Court *could* consider a negligence action with $75,000.00 in controversy between citizens of different under its diversity jurisdiction, *see* Cianbro Corp. v. Jeffcoat & Martin, 804 F.Supp. 784, 788-91 (D. S.C. 1992), it is clear that both parties named in the Complaint are citizens of South Carolina. Since diversity jurisdiction requires complete diversity of the parties, its requirements are not satisfied in this case and this Court cannot hear Plaintiff's state law-based negligence/medical malpractice claim based on diversity.

Moreover, the liberally construed allegations of the Complaint are insufficient to state a viable claim for damages arising from Plaintiff's conditions of confinement that would be cognizable under this Court's federal question jurisdiction. To the extent that Plaintiff claims he did not receive proper or adequate medical care at the Spartanburg County Detention Center, the Complaint allegations do not state a viable claim under 42 U.S.C. § 1983. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).[3] At the thresh hold, a complaint of deliberate indifference must disclose an objective injury or

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[3] Plaintiff's claims in this case are governed by the Fourteenth Amendment, not the Eighth Amendment, because Plaintiff was a pretrial detainee when he was confined at the Spartanburg County Detention Center. *See* Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). In Belcher v. Oliver, the Court noted: "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." Belcher v. Oliver, 898 F.2d at 34.

3

inattention to serious medical need. See Shakka v. Smith, 71 F.3d 162 (4th Cir. 1995); Strickler v. Waters, 989 F. 2d 1375 (4th Cir. 1993). Additionally, deliberate indifference involves a subjective component which the Supreme Court has termed a "sufficiently culpable state of mind" on the part of defendants. See Johnson v. Quinones, 145 F. 3d 164 (4th Cir. 1998).

In Estelle v. Gamble, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in Estelle v. Gamble pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). Cf. Whitley v. Albers, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. See Brown v. Thompson, 868 F. Supp. 326 (S.D. Ga. 1994)(collecting cases). Plaintiff's own allegations disclose that officials at Spartanburg County Detention Center were not medically indifferent to his condition after he reported the alleged medication mistake. He states that he received medical attention from a nurse in the detention center and it appears that his temporarily raised blood pressure was watched, even though not medicated. Furthermore, he does not allege any type of continuing injury from his receipt of incorrect medication. In light of these circumstances, there was no medical indifference and, as a result, Plaintiff fails to state a viable § 1983 federal cause of action arising from the situations described in the Complaint.

As to any negligent medical treatment or injuries that Plaintiff has received or sustained in the Spartanburg County Detention Center, Plaintiff can seek relief in South Carolina state court

4

under the South Carolina Tort Claims Act, S.C. Code Ann., § 15-78-10 *et seq*., because the Spartanburg County Detention Center is operated by an agency, department, or "political subdivision" of the State of South Carolina. *See* S.C. Code Ann., § 15-78-30(a); Browning v. Hartvigsen, 307 S.C. 122, 414 S.E.2d 115, 116-118 & nn. 1-2 (1992). Under the facts alleged by Plaintiff, the South Carolina Tort Claims Act is Plaintiff's exclusive remedy for negligent medical treatment or injuries allegedly sustained by Plaintiff at the Spartanburg County Detention Center. *See* S.C. Code, §§ 15-78-20(b) and 15-78-70(a).

Under the South Carolina Tort Claims Act, a claimant is required to file an administrative claim with the agency, department, or the State Budget and Control Board before seeking judicial relief in a Court of Common Pleas. *See* S.C. Code Ann. § 15-78-80. Case law indicates that claimants under the South Carolina Tort Claims Act must strictly comply with its requirements, and must timely pursue their claims before the applicable limitations period expires. *See, e.g.*, Murphy v. Richland Mem. Hosp., 317 S.C. 560, 455 S.E.2d 688 (1995); Vines v. Self Mem. Hosp., 314 S.C. 305, 443 S.E.2d 909 (1994); Joubert v. South Carolina Dep't of Social Servs., 341 S.C. 176, 534 S.E.2d 1 (Ct. App. 2000)(outlining differences between "verified" claims subject to three-year limitations period and "non-verified" claims subject to two-year limitations period); Pollard v. County of Florence, 314 S.C. 397, 444 S.E.2d 534 (Ct.App. 1994).

If Plaintiff pursues this matter under South Carolina law in state court, he will be required to show the standard of care detention center personnel in this state are expected to exercise with respect to the provision of medications and treatment of any incorrect dosages, and that any individual employees deviated from the standard of care. *See, e.g.*, S.C. Code Ann. § 15-78-50(b) (under the South Carolina Tort Claims Act, a governmental entity is not liable where its employee, if a private person, would not be liable); S.C. Code Ann. § 15-78-20(a); Gass v. Haines, 298 S.C. 549, 381 S.E.2d 923, 924-25 (Ct. App. 1989). Also, Plaintiff might have to

present medical expert testimony to support his claims of malpractice.  See <u>Gass v. Haines</u>, 381 S.E.2d at 924-25.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  See <u>Denton v. Hernandez</u>; <u>Neitzke v. Williams</u>; <u>Haines v. Kerner</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); <u>Boyce v. Alizaduh</u>; <u>Todd v. Baskerville</u>, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,


S/Bruce H. Hendricks<br>
United States Magistrate Judge

October 17 , 2005<br>
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**